IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,638






EX PARTE R.A. STROUD, Applicant



v.



THE STATE OF TEXAS






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. 114-1633-04-A IN THE 114TH JUDICIAL DISTRICT COURT

FROM SMITH COUNTY




 Per curiam. Meyers, and Johnson, jj., dissented. 


O P I N I O NPursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to twenty years' imprisonment and a fine of five thousand dollars. 

Applicant contends that he is actually innocent of the offense of aggravated sexual assault
but is guilty of sexual assault. Specifically, applicant alleges that no reasonable juror could have
convicted him of aggravated sexual assault because the victim, Megan O'Bryan, was not younger
than fourteen years of age at the time of the offense. Tex. Pen. Code § 22.021(a)(2)(B). We
remanded to the trial court so that an evidentiary hearing could be held, and further findings made
regarding applicant's claim. 

The trial court conducted an evidentiary hearing, and has determined that newly discovered
evidence shows that Ms. O'Bryan was fourteen years old at the time of the offense. The trial court
concludes that applicant has met his burden of proving by clear and convincing evidence that no
reasonable juror could have convicted applicant of aggravated sexual assault in light of the newly
discovered evidence. Ex parte Elizondo, 947 S.W.2d 202, 209 (Tex. Crim. App. 1996). The parties
agreed at oral argument that appellant is not guilty of aggravated sexual assault but is guilty of sexual
assault. Tex. Pen. Code § 22.011(a)(2)(A). We agree. 

The judgment in cause number 114-1633-04-A in the 114th Judicial District Court of Smith
County is reformed to reflect guilt of the offense of sexual assault. Applicant is remanded to the trial
court for a new punishment hearing. 

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Parole Division.

Delivered: February 13, 2008

Do Not Publish